924

REVIEW be, and hereby is, DENIED and the dissent on Denial of the Petition for Review by BISTLINE, J., be, and hereby is, RELEASED.

On denial of petition for review.

BISTLINE, Justice.

In view of the history of this case, first heard on appeal by this Court in 1984, 107 Idaho 275, 688 P.2d 1180, I would have thought that our general knowledge of its factual background was in and of itself a sufficient reason for retaining it here when there was a second appeal after further proceedings were had in the trial court pursuant to this Court's order of remand. For reasons wholly unknown to me, it was assigned to the Court of Appeals. As one can readily see from reading the comprehensive decision authored by Judge Burnett, 113 Idaho 510, 746 P.2d 579 (1987), the case would not qualify as being one of easy and quick disposition. "This controversy neatly exposes the difficulties inherent in the law of guaranty" etc. 113 Idaho p. 513, 746 P.2d p. 582. Once again the case is remanded for directed further proceedings in the trial court. In seeking review by this Court, petitioner raises some very keen issues which are supported by strong argument. There is no purpose to be served by making a solitary assessment as to the validity of petitioner's contentions. Suffice it to say that I see enough presented to justify a review, the result of which might or might not bring the nine-year old litigation to an end.

One justice does not grant review. Nor, under the Court's operations, is two votes sufficient. Three votes are required, the same magic number by which a majority can decide our own appeals, or do anything. Three votes are not easy to come by, even when the matter is laid before five justices. Subtract one, as has been done here, and petitioners would better have saved its money, and its counsel's time. See my contemporaneous opinion in *Hays v. State,* S.Ct. No. 16478, for further information.

750 P.2d 378

**Gebrueder HEIDEMANN, et al., Plaintiffs,**

and

**Volksbank Bitburg, E.G., a corporation, Plaintiff–Appellant–Cross Respondent,**

v.

**A.M.R. CORPORATION, an Idaho corporation, Defendant–Respondent–Cross Appellant.**

No. 16507.

Supreme Court of Idaho.

Feb. 26, 1988.

Blair Grover, Grover & Walker, Rigby, Chartered, for defendant-respondent-cross appellant.

ORDER DENYING PETITION FOR REVIEW

The Respondent–Cross Appellant having filed a PETITION FOR REVIEW on December 23, 1987 and supporting MEMORANDUM on January 5, 1988 of the Court of Appeals' Opinion released December 4, 1987; therefore, after due consideration,

IT IS HEREBY ORDERED that Respondent–Cross Appellant's PETITION FOR

The petitioner's brief is straight-forward, and relatively succinct. I submit it as Appendix A to this opinion, so that a candid world may well wonder at the magnificence of our system which promised review as part and parcel of creating the intermediate Court of Appeals system, but produces very little in keeping with the promise.

My vote, of course, is to grant review. Of more importance, once again I stress the unfairness of the Court's practice of allowing petitions for review and petitions for special writs, and where applicable petitions for rehearing, being submitted to less than a five-member court. As mentioned on earlier occasions the machinery has long been in place for bringing the Court to a full complement of *five* justices—with the question of the five being duly elected or appointed justices, or justices pro tempore, being of no moment whatever.

## APPENDIX A

### RESPONDENT'S MEMORANDUM IN SUPPORT OF PETITION FOR REVIEW BY THE SUPREME COURT

#### STATEMENT OF CASE

(1) NATURE OF CASE: This action arises from a guarantee by A.M.R. Corporation, hereinafter referred to as "A.M.R.", of payment by Pan World International, hereinafter referred to as "Pan World", for bicycles Pan World purchased from Gebrueder Heidemann, K.G., a german limited partnership, hereinafter referred to as "Heidemann." Heidemann eventually assigned its rights to Volksbank Bitsburg, E.G., hereinafter referred to as "Volksbank." A note and mortgage were given by A.M.R. as security for the guarantee. A.M.R. has never questioned the validity of the Note and Mortgage, but claims modifications by Heidemann and Pan World to the principal debt released it from the guarantee.

(2) PRIOR PROCEEDINGS: This action was commenced in October, 1979. In an earlier Motion for Summary Judgment, the trial court held telex communications between Heidemann and Pan World constituted a modification which released A.M.R. In *Gebrueder Heidemann, K.G. et al. v. A.M.R. Corporation,* 107 Idaho 275, 688 Pac.2d 1180 (1984) the Supreme Court (not the Court of Appeals) reversed the grant of summary judgment holding: "Material issues of fact existed as to whether the modification was consumated, whether A.M.R.'s consent was a term of the modification, and whether the modification injured the interest of the guarantor." p. 280 [688 P.2d 1180].

Following remand, on September 4 and 5, 1985, and February 14, 1986, the case was tried to the Court without a jury. On March 14, 1986, the trial court entered its Findings of Fact and Conclusions of Law resolving the issues of fact identified by the Supreme Court as follows:

"15. Pan World, Heidemann, and Volksbank entered into a written agreement which among other things gave Volksbank a security interest in the bicycles and extended the due dates for payment." (Consumated Modification).

"16. The other parties considered the Contract (Modification) to be full and complete ..."

\*　　\*　　\*　　\*　　\*　　\*

19. Thereafter Pan World and Heidemann modified the contract a second time by the telexs.

\*　　\*　　\*　　\*　　\*　　\*

"22. A.M.R. Corporation sustained injury and damage as a result of the modification to the extent that a security interest in the bicycles was granted to Volksbank ... and that the delay ... prevented A.M.R. from recouping its obligation ..."

Although some of the evidence is disputed, there is substantial and even some uncontradicted evidence to support those findings.

The District Court thus resolved the issues of fact and held a second time in favor of A.M.R. The Court of Appeals reversed the District Court by Opinion No. CA–133 [113 Idaho 510, 746 P.2d 579 (App.1987)], filed December 4, 1987.

#### REASONS FOR REVIEW

(1) ON THE FIRST APPEAL THE SUPREME COURT INSTRUCTED THE TRI-

AL COURT TO RESOLVE CERTAIN FACTUAL ISSUES. IT SHOULD NOW REVIEW THE TRIAL COURT'S FINDINGS OF FACT TO DETERMINE IF THOSE ISSUES WERE PROPERLY RESOLVED.

(2) THE COURT OF APPEALS HAS DEPARTED FROM THE ACCEPTED COURSE OF JUDICIAL PROCEEDINGS BY IGNORING AND/OR CONTRADICTING FINDINGS OF FACT SUPPORTED BY SUBSTANTIAL EVIDENCE.

The Court of Appeals accepted the trial court's finding that Heidemann and Pan World had indeed modified the principal debt without consent of A.M.R. It did not clearly determine whether or not A.M.R. had been injured as instructed by the Supreme Court, but found that Volksbank had not acted unreasonably. (Page 9) [at 515, 746 P.2d at 584]. It noted Volksbank and A.M.R. agreed to "cooperate" and "work together" in an effort to obtain as much money as possible.

The trial court made no such finding and neither party has characterized any of their conduct as "coopertion" or "working together." Indeed, the trial court found: "That counsel for A.M.R. advised Volksbank it was going to proceed against the bicycles in Pan World's possession, that he was informed if A.M.R. did so, Volksbank would foreclose the mortgage against A.M.R., and that A.M.R. thus deferred action at that time." (Finding of Fact 17). The trial court also found A.M.R. hired an investigator who located "several thousand bicycles." However, A.M.R. did not foreclose because it was informed by Volksbank that Volksbank "had a prior security interest which would be enforced if A.M.R. went against the bicycles. This again deterred A.M.R. from going against such security." (Finding of Fact 20).

The Court of Appeals declaration the parties cooperated is simply contradictory to those findings. It was not cooperation—it was deterence.

The Court of Appeals as argued hereafter found that A.M.R. could protect itself by "foreclosing Volksbank's security interest in the bicycles." A.M.R. learned in this litigation that unfortunately, Volksbank did not have a security interest. It filed a Financing Statement and informed A.M.R. it had a security interest, which A.M.R. believed and accepted, but the litigation disclosed there was never a Security Agreement prepared and both parties have conceded it had no security interest. (Appellant's Brief, p. 7, pp. 28 and 30, and Respondent's Brief p. 32).

The Court of Appeals made a key finding: "A.M.R. has made no showing but for Volksbank's security interest, A.M.R. itself would have proceeded against the bicycles." p. 13 [at 517, 746 P.2d at 586]. That finding absolutely contradicts the trial court's Finding of Fact No. 20 which in part provides:

"20. Sometime after November 1, 1974, in December of 1974, A.M.R. Corporation obtained a security interest in the bicycles and filed financing statements in several states including Utah. Thereafter in late '75 they hired an investigator to locate the bicycles so that they could proceed on the security. Several thousand bicycles were located, but A.M.R. was informed by Cannon, attorney for Volksbank, that it had a prior security interest which would be enforced if A.M.R. went against the bicycles. This again deterred A.M.R. from going against such security."

That Finding is supported by substantial evidence (Reporters Transcript p. 231–232, 304–305).

Thus, to reach and justify its decision, the Court of Appeals made findings absolutely contradictory to findings of the trial court which were supported by substantial evidence.

(3) THE COURT OF APPEALS HELD MODIFICATION BY HEIDEMANN AND PAN WORLD EVEN IF IT CAUSED INJURY TO A.M.R., DID NOT RELEASE A.M.R. BECAUSE A.M.R. FAILED TO PERFORM THE PRINCIPAL OBLIGATION ITSELF, A HOLDING CONTRARY TO THE DECISION OF THE SUPREME COURT.

In the first appeal, the Supreme Court held the District Court correctly stated the general principal of laws as follows:

"A material alteration of the principal contract, when that alteration is made after the execution of the guaranteed contract, and without the consent of the guarantor, discharges the guarantor if the material alterations injures the interest of the guarantor." *Gebrueder Heidemann K.G. v. A.M.R. Corporation,* 107 Idaho 275, p. 280, 688 Pac.2d 1180 (1984). That is consistent with earlier holdings, eg., *Ore Idaho Potato Products, Inc. v. United Pacific Insurance Co.,* 87 Idaho 185, 392 Pac.2d 551 [191] (1964).

Despite those statements of the law, the Court of Appeals held:

"Finally, even if A.M.R. had been legally prejudice by the extension, due to the loss of bicycles and the insolvency of Pan World, we would still conclude that A.M.R. had waived its objection to the November 1 extension by subsequently cooperating with Volksbank in seeking satisfaction from Pan World. *By failing to take action to protect itself by performing the obligation itself, and then foreclosing Volksbank's security interest in the bicycles, A.M.R. lost the right to complain about the extension.*" (Emphases Supplied by Appellant) p. 11 [at 516, 746 P.2d at 585].

Thus, the Court of Appeals held even if there was a modification and even if there was injury to A.M.R., A.M.R. cannot complain because it failed to protect itself by performing the obligation itself, to wit: paying Heidemann $250,000 and then foreclosing Volksbank's security against Pan World. Under that holding and reasoning, a modification can never injure a guarantor because the guarantor can always pay off the principal debt and proceed against the debtor, and the entire body of law dealing with release of a guarantor where the principal obligation has been changed is unnecessary and irrelevant.

(4) THE DOCTRINE OF RESERVATION OF RIGHTS, AND ITS EFFECT, SHOULD BE CAREFULLY CONSIDERED BEFORE IT BECOMES LAW IN THIS STATE.

In its remand, the Supreme Court also instructed the trial court to resolve factual issues surrounding the alleged "reservation of rights." *Heidemann vs. A.M.R., supra,* [107 Idaho] p. 281 [688 P.2d 1180]. The trial court found "there was not an express reservation of rights ..." (Finding of Fact 24), but that the consent of A.M.R. was a condition precedent to the modification which condition was subsequently waived. Because the Court of Appeals reversed the District Court on other grounds, it did not deal with the reservation of rights argument it its opinion. In Footnote 5, however, it observed the modification contained a reservation of rights and suggests even if A.M.R. was injured it is nevertheless bound by the reservation of right. Both sides vigorously argued that doctrine and it is briefed in some detail. A.M.R. believes first there is evidence to support the trial court and secondly, there are valid policy reasons for limiting the application of reservation of rights. In any event, the case should not turn on a footnote. It is discussed here only for the purpose of trying to fairly present the position of the Court of Appeals.

## SUMMARY

Armed with the instructions from the Supreme Court, the parties proceeded in trial. Based on those instructions and prior law of the Supreme Court, the trial court found there had been a modification by Heidemann (creditor) and Pan World (debtor) without the consent of A.M.R. (guarantor) and that the modification caused injury to A.M.R. By ignoring and contradicting the Findings of Fact entered by the Trial Court, the Court of Appeals has found there was no injury. There is substantial evidence to support the trial court's findings, and it is improper for the Court of Appeals to ignore and contradict such findings.

More seriously, the Court of Appeals has held even if there was injury, A.M.R. is not released because after the modification, it did not pay the debt and sue the debtor

**928**

itself. That is not the law. Moreover, if it were, all of the law dealing with release of a guarantor when the principal debt is changed is irrelevant because the guarantor can always pay the principal debt and sue the debtor. If that were the law, the Supreme Court could have concluded this case on the first appeal with such a holding. It did not do so and it is therefore respectfully requested to review the decision of the Court of Appeals.

DATED this 4th day of January, 1988.

RESPECTFULLY SUBMITTED,
GROVER & WALKER
by: <u>(s) Blair Grover</u>
    Blair Grover